IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HUSCH BLACKWELL LLP** <br> 1801 Pennsylvania Avenue, NW, Suite 1000 <br> Washington, DC 20006 <br><br> **Plaintiff**, <br><br> v. <br><br> **U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES** <br> 200 Independence Avenue, SW <br> Washington, DC 20201 <br><br> and <br><br> **CENTERS FOR MEDICARE AND MEDICAID SERVICES** <br> 7500 Security Boulevard <br> Baltimore, MD 21244 <br><br> **Defendants**. | Case No. _____ |

# COMPLAINT

1.  Plaintiff Husch Blackwell LLP ("Husch Blackwell" or "Plaintiff") brings this suit to force Defendants U.S. Department of Health and Human Services ("HHS") and the Centers for Medicare and Medicaid Services ("CMS") (with HHS, the "Defendants") to produce records in response to Husch Blackwell's request to CMS under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, regarding CMS's knowledge of how the Arizona Health Care Cost Containment System ("AHCCCS") was operating various programs. Defendants violated FOIA when they failed to provide a determination of whether Defendants intended to comply with Husch Blackwell's FOIA Request by April 9, 2025 (the statutory deadline under FOIA), produce documents, or otherwise perform in accordance with their obligations under FOIA.

1

**PARTIES**

2. Plaintiff Husch Blackwell LLP is a limited liability partnership and law firm, with an office located at 1801 Pennsylvania Avenue, NW, Suite 1000, Washington, DC 20006. Husch Blackwell submitted the FOIA request at issue in this case.

3. Defendant U.S. Department of Health and Human Services is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552. HHS oversees CMS. HHS is located in the District of Columbia.

4. Defendant Centers for Medicare and Medicaid Services is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552. CMS is located in Baltimore, Maryland but also conducts activities in the District of Columbia and elsewhere.

**JURISDICTION AND VENUE**

5. This case is brought under 5 U.S.C. § 552(a)(4)(B), along with 28 U.S.C. §§ 1361, 2201(a), and 2202, and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**THE MARCH 12, 2025 FOIA REQUEST**

7. On March 12, 2025, Husch Blackwell submitted a FOIA request to CMS for a range of documents relating to what CMS knew about how AHCCCS was operating its programs (the "FOIA Request"). *See* Exhibit A.

8. On March 24, 2025, CMS acknowledged receipt of the FOIA Request and assigned it a CMS FOIA Control Number: 031920257095.

9. On April 3, 2025, Husch Blackwell wrote to the CMS FOIA Director requesting prompt action on consideration of the FOIA Request, as well as written notice of any "unusual

circumstances" that require an extension under 5 U.S.C. § 552(a)(6)(B) by the deadline imposed by statute. *See* Exhibit B.

10. CMS gave no notice of "unusual circumstances" pertaining to the FOIA Request that require an extension before the deadline, and have given none even now, months later.

11. On May 12, 2025, Husch Blackwell wrote to the CMS FOIA Director to again request prompt action on producing documents in response to the FOIA Request, and notifying CMS that it had missed its statutory deadline to produce documents. *See* Exhibit C.

12. On June 11, 2025, Husch Blackwell wrote to the CMS FOIA Director to once again request a response to the FOIA Request, or to begin producing responsive documents. *See* Exhibit D.

13. On July 15, 2025, Husch Blackwell wrote yet again to the CMS FOIA Director to implore immediate action on responding to the FOIA Request. *See* Exhibit E.

14. Despite these repeated, regular efforts, CMS has yet to produce a single document in the six months since it received the FOIA Request. Instead, CMS has offered occasional emails stating that it lacks any substantive update as to status.

15. As of the date of this filing, HHS has not complied with FOIA, has not conducted a reasonable search for the requested records, and has produced no records responsive to the request.

**COUNT I**
**DECLARATORY JUDGMENT**
**DUTY TO PROVIDE FINAL DETERMINATION AND PRODUCE RECORDS**

16. The above paragraphs are incorporated by reference.

17. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

18. The FOIA Request seeks disclosure of agency records and was properly made.

19. Defendants HHS and CMS are federal agencies subject to FOIA.

20. Defendants HHS and CMS violated FOIA by failing to make required determinations in response to the FOIA Request within the timeframes required by statute, and by failing to produce records in response to the FOIA Request.

21. Husch Blackwell is not required to further pursue administrative remedies.

22. Defendants' unlawful withholding of records to which Husch Blackwell is entitled harmed, and continues to harm, Husch Blackwell, which requires the requested information.

23. Husch Blackwell will continue to be harmed unless HHS and CMS are compelled to comply with FOIA and produce the requested records.

24. Husch Blackwell therefore asks this Court to enter judgment declaring that:

   a. HHS and CMS's processing of Husch Blackwell's FOIA Request is not in accordance with FOIA, and does not satisfy HHS and CMS's obligations under FOIA;

   b. HHS and CMS have failed to provide records responsive to the FOIA Request, and Husch Blackwell is entitled to such records; and

   c. HHS and CMS must produce records responsive to the FOIA Request.

## COUNT II
## INJUNCTIVE RELIEF
## PRODUCTION OF RECORDS

25. The above paragraphs are incorporated by reference.

26. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B).

27. Husch Blackwell is entitled to injunctive relief compelling HHS and CMS to produce records responsive to the FOIA Request.

28. Husch Blackwell asks this Court to enter an injunction ordering HHS and CMS to produce to Husch Blackwell, within 20 business days of the date of the order, the records requested in the FOIA Request.

29. The above paragraphs are incorporated by reference.

30. Pursuant to 5 U.S.C. § 552(a)(4)(E), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." That section further states that a complainant substantially prevails by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree," or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."

31. Husch Blackwell asks this Court to enter an order requiring HHS and CMS to pay Husch Blackwell's reasonable attorneys' fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Husch Blackwell asks the Court to:

i. Declare that HHS and CMS violated FOIA;

ii. Order HHS and CMS to conduct a reasonable search of records responsive to the FOIA Request;

iii. Order HHS and CMS to promptly produce all records responsive to the FOIA Request;

iv. Enjoin HHS and CMS from withholding records responsive to the FOIA Request;

v. Award Husch Blackwell attorneys' fees and costs; and

vi. Award such other relief the Court considers appropriate.

Respectfully submitted,

*[signature: Rebecca C. Furdek]*

Rebecca C. Furdek, #1048969
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202-5502
Telephone: (414) 978-5348
rebecca.furdek@huschblackwell.com

Jonathan A. Porter (*pro hac vice* forthcoming)
HUSCH BLACKWELL LLP
3550 Lenox Rd, 21st Floor
Atlanta, GA 30326
Telephone: (912) 454-1165
jonathan.porter@huschblackwell.com

***Attorneys for Plaintiff***